JUDGE RAKOFF

08 CV 7170

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
FALCON NAVIGATION             :
                              :
            Plaintiff,        :
                              :        08 CV _____
    - against -               :
                              :
SWIFT AVIATION GROUP INC.     :
                              :
            Defendant.        :
------------------------------------------------------X



## VERIFIED COMPLAINT

Plaintiff, FALCON NAVIGATION ("Plaintiff"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendant, SWIFT AVIATION GROUP INC., ("Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all material times to this action, Plaintiff was a foreign company duly organized and operating under foreign law with an office and place of business in Greece and was the time charter Owner of the M/V AMBROSIA ("Vessel").

3. Upon information and belief, at all material times, Defendant was a foreign corporation or other business entity organized and existing under the laws of the State of Arizona with an office and place of business in Phoenix, Arizona, and was the Charterer of the Vessel.

4. Pursuant to the terms of a BP VOY4 charter party dated August 14, 2007, the Plaintiff chartered the Vessel to the Defendant for a carriage of cargo from Kuwait to the Netherlands.

5. The charter party provided a laycan of 15-17 August with laytime for loading and discharge of the cargo of 72 hours.

6. Freight was payable under the charter party as a lump sum amount, with additional charges for various selected ports.

7. The demurrage rate under the charter party was set at USD $34,000.00 per day pro rata.

8. The Vessel arrived at the loadport within her scheduled laytime, on 16 August 2007.

9. During the course of loading and discharge operations, the Vessel was delayed in berthing and encountered slow loading as well as slow discharge, resulting in excess laytime beyond that allowed under the charter party.

10. As a result of the delays incurred at the load port and discharge port, the Vessel earned demurrage in the sum of USD $95,861.11, which is payable to the Plaintiff, from the Defendant.

11. Further, on 30 August, 2007, the Defendant instructed the Plaintiff to stop the Vessel which resulted in additional delay and bunker charges in the sum of USD$26,213.07.

12. As a result of delays and demurrage, Plaintiff has sustained damages in the total principal amount of **$122,074.18** exclusive of interest, arbitration costs and attorney's fees.

13. The charter party provides that any disputes arising thereunder shall be referred to London Arbitration with English law to apply.

14. On 30 July, 2008, the Plaintiff commenced arbitration in London pursuant to the charter party terms.

15. Despite due demand, Defendant has failed to pay the amounts due to Plaintiff under the charter party.

16. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---|
| A. | Principal claim: | $122,074.18 |
| B. | Estimated interest on claims:<br>3 years at 7%, compounded quarterly | $28,252.76 |
| C. | Estimated fees and costs: | $17,500.00 |

**Total**                                                                                       **$167,826.94**

17. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

18. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$167,826.94.**

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$167,826.94** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any London arbitration award in Plaintiff's favor against the Defendant as a judgment of this Court;

D. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E. That the Plaintiff have such other, further and different relief as the Court deems just, proper and equitable.

Dated: August 12, 2008
New York, NY

The Plaintiff,
FALCON NAVIGATION

By: /s/ Claurisse Campanale Orozco
Claurisse Campanale Orozco (CC 3581)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
corozco@tisdale-law.com
ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )  ss.:  City of New York
County of New York   )

1. My name is Claurisse Campanale-Orozco.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an Associate in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    August 12, 2008
          New York, NY

                                            _____
                                            Claurisse Campanale-Orozco